LUISA VALEDÓN ET AL., Plaintiffs and Appellees, *v.* MUNICIPALITY OF PONCE, Defendant and Appellant.

No. 5711.  Argued May 26, 1932.—Decided April 20, 1934.

F. Colón Díaz for appellant.  F. B. Fornaris for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Municipality of Ponce took this appeal from a decision which adjudged it to pay to the plaintiffs a certain sum of money as damages.

The complaint was filed by Luisa Valedón, for herself and on behalf of her children under her *patria potestas,* against the Municipality of Ponce, and claimed damages caused by certain municipal employees while acting in the discharge of their official duties.  Judgment was rendered for the plaintiffs.

The two errors assigned on this appeal refer to the weighing of the evidence, since the first assignment is that the lower court erred in finding that the plaintiffs had bought the parcel of land measuring two square meters which they

were using as a burial lot for their husband and father, Ramón Vázquez Fuentes; and the second, that the judgment is contrary to law and the evidence. The appellant deals only with the evidence. We shall do likewise, and discuss jointly the two errors assigned.

Ramón Vázquez Fuentes, who was the husband and father, respectively, of the plaintiffs, died in the year 1921 and was interred in the municipal cemetery of Ponce. Before five years had elapsed from the date of his death and burial, the widow bought, for the price of $8, two square meters of land in the said cemetery, and after a survey and the fixing of boundaries, the land was delivered to her. Those two meters are included in a tract called parcel "B," according to the deed of sale and the certificate of survey, which is one of three parcels into which, as appears from a plat, the cemetery is divided. Subsequently, as the evidence shows, the employees of the municipality buried the body of a person who was a stranger to the plaintiffs in the lot where Vázquez was buried.

The appellant attempted to show that Vázquez was buried in parcel "A," and not in parcel "B," from which it sold two square meters to said widow, but if this had been so it would have charged more than $8 for that land, in accordance with a municipal ordinance, aside from the fact that what she wanted was the place where her husband was buried, that she knew nothing of the division of the cemetery into three parcels, and that no plat was shown to her. We find that there was sufficient evidence to show that in the lot where Vázquez was buried and which his widow purchased, another person was interred. The testimony of the caretaker of the cemetery leads to the conclusion that what happened was due to the carelessness or bad practice of the municipality, since the latter does not advise its employees of the lots which it sells, for which reason, after the expiration of five years from the date of a burial, they provide for the burial of another body, if there is no sign on the lot stating that it is private

property. This omission to advise the caretakers of the cemetery gives occasion for the burial of a body in a lot belonging to another person who has purchased it, where the purchaser has failed to erect such sign, or the same has disappeared for any reason. In our judgment there was no error in the weighing of the evidence.

Other cases similar to the present one have been decided by us: *Clemadell* v. *Municipality of Juana Díaz,* 14 P.R.R. 608; *Maldonado* v. *Municipality of Ponce,* 39 P.R.R. 226.

The judgment appealed from must be affirmed.